**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH AITORO, | |
| Plaintiff, | Civil Action 2:06-CV-0879 (JAP) |
| v. | **O P I N I O N** |
| RICHARD BANAS, | |
| Defendant. | |

**APPEARANCES:**

JOSEPH AITORO, pro se
#24257-038
Federal Correctional Facility
Otisville, New York 10963

**JOEL A. PISANO, District Judge**

Plaintiff Joseph Aitoro (hereinafter "Plaintiff") currently confined at the Federal Correctional Facility, Otisville, New York, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint").

Complaint is a six-page document which: (1) details the attorney-client relationship between Plaintiff and Defendant Banas

Page -1-

(hereinafter "Defendant") who was hired by Plaintiff to "perfect a post-conviction petition" for the total of $11,000; (2) sets forth five causes of action based on the allegations that Defendant's treatment of Plaintiff's post-conviction petition constituted legal malpractice since Defendant failed to file Plaintiff's petition within the allowed limitation period; and (3) seeks various damages, fees and costs. See Compl. at 1-2, 2-6. In addition, Complaint clarifies that, after Defendant refunded Plaintiff's $11,000, Plaintiff retained another counsel, Tony Lee (hereinafter "Lee"), and

> On August 1, 2005, [P]laintiff received a copy of pleading from . . . Lee which informed [Plaintiff] that . . . Lee had spoken to someone from the prosecutor's office, and had been assured that the State would not present a [S]tatute of [L]imitation[s] argument.

Compl. at 3.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B.   Color of Law Requirement**

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal

Constitution or laws.[1] See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state

---

[1] Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, including when: (1) it results from the State's exercise of "coercive power"; (2) the State provides significant encouragement, either overt or covert; (3) a private actor operates as a willful participant in joint activity with the State or its agents; (4) a nominally private entity is controlled by an agency of the State; (5) a private entity has been delegated a public function by the State; or (6) the private entity is entwined with governmental policies, or the government is entwined in its management or control. See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted). The Court, in deciding whether a particular action or course of action by a private party is governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). The only exception lies if a defense counsel conspires with the prosecution. However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right. See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

Even liberally construing Plaintiff's Complaint, this Court cannot find any indication that Defendant acted under color of law. Actions of Defendant cannot be fairly attributed to the State since

Defendant neither was a state actor, nor acted in cooperation with a state actor, or performed conduct otherwise chargeable to the State. The only vague mentioning of a state actor in Plaintiff's Complaint is Plaintiff's statement that Lee, an attorney *other than and unrelated to* Defendant, allegedly obtained some promise from "someone from the prosecutor's office" that a valid Statute of Limitation defense would not be raised against Plaintiff's petition which was already time-barred at the time of this alleged promise. Compl. at 3. These allegations fail to meet the threshold "color of state law" requirement in general and with respect to Defendant in particular. Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

Since Plaintiff seeks to assert in the federal forum a state law claim bearing no federal question, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint with prejudice.

An appropriate Order accompanies this Opinion.

                                          **JOEL A. PISANO**
                                      **United States District Judge**

Dated: March 21, 2006